[Cite as *State of Ohio Ex Rel. Mendy Schwarzmer v. Hon. Judge Janet Burnside*, 2024-Ohio-1050.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
# COUNTY OF CUYAHOGA

|  |  |  |
|---|---|---|
| STATE EX REL., MENDY SCHWARZMER, | : | |
| Relator, | : | No. 113319 |
| v. | : | |
| HON. JUDGE JANET BURNSIDE, | : | |
| Respondent. | : | |

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** WRITS GRANTED
**DATED:** March 15, 2024

Writs of Mandamus and Prohibition
Order No. 572867
Motion Nos. 570039 and 570508

## *Appearances:*

Frederick & Berler, LLC, Ronald I. Frederick, Michael L. Berler, and Michael L. Fine, *for relator*.

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Jake Elliott, Assistant Prosecuting Attorney, *for respondent* Hon. Judge Janet Burnside.

Dinsmore & Shohl, LLP, and H. Toby Schisler, *for intervening respondents* Midland Funding LLC; Midland Credit Management, Inc.; and Encore Capital Group, Inc.

MARY J. BOYLE, J.:

{¶ 1} On October 30, 2023, the relator, Mendy Schwarzmer, commenced this mandamus and prohibition action against the respondent, Judge Daniel Gaul.[1] The relator seeks to prohibit the respondent judge from exercising jurisdiction over the underlying case, *Midland Funding, LLC v. Schwarzmer,* Cuyahoga C.P. No. CV- 23-981496, and return it to the Cleveland Municipal Court. On November 17, 2023, this court granted Midland Funding, LLC; Midland Credit Management, Inc.; and Encore Capital Group, Inc.'s motion to intervene as additional respondents. On November 29, 2023, the respondent judge moved to dismiss, and the relator filed his brief in opposition on January 3, 2024. The intervenors filed a motion for judgment on the pleadings on December 18, 2023, and the relator filed his brief in opposition on January 22, 2024. The court has reviewed all the materials and concludes that the matter is ripe for judgment. For the following reasons, this court grants the writs of prohibition and mandamus as follows: The respondent judge is without jurisdiction to adjudicate the declaratory judgment claim, and this court orders the respondent judge to return the entire case to the Cleveland Municipal Court. The court denies the respondent judge's motion

---

[1] Since the commencement of this lawsuit, Judge Janet Burnside has replaced former Judge Daniel Gaul. Pursuant to Civ.R. 21 and App.R. 29(C)(1), this court substitutes Judge Janet Burnside as the proper respondent. The court directs the clerk of courts to update the case caption to substitute Judge Burnside for Judge Gaul.

to dismiss and denies as moot the intervenors' motion for judgment on the pleadings.

## I.    PROCEDURAL AND FACTUAL BACKGROUND

{¶ 2} In 2016, Schwarzmer opened a Sears credit card account through Citibank. In 2017, he stopped paying on the credit card and Citibank closed the account with an outstanding balance of $1,039.82. Citibank then assigned the account to Midland Funding, a debt-collection company.

{¶ 3} On July 20, 2020, Midland Funding initiated the underlying case as a collection action in Cleveland Municipal Court, *Midland Funding LLC v. Schwarzmer,* Cleveland M.C. No. 2020-CVF-006312. Schwarzmer filed an answer and counterclaim on the basis that he lived in University Heights, Ohio, and not in Cleveland. Furthermore, none of the contract documents were executed in Cleveland. Therefore, Cleveland lacked jurisdiction over this case. He included claims under the Fair Debt Collection Practices Act and the Ohio Consumer Sales Practices Act.

{¶ 4} In January 2021, Schwarzmer filed an amended counterclaim and a third-party complaint against Midland Credit Management (hereinafter where appropriate this court will refer to these entities as "the Midland defendants"). Schwarzmer averred that the Midland defendants, as consumer debt collectors, filed thousands of cases each year, including approximately 1,000 cases in Cleveland Municipal Court a year. They filed many of these cases, approximately 30%, in Cleveland in disregard of the court's subject-matter jurisdiction that is a function of

its territorial jurisdiction. As argued by Schwarzmer, this strategy allows the Midland defendants to obtain many default judgments that are void for lack of subject-matter jurisdiction. As argued by Schwarzmer, this strategy allows the Midland defendants to obtain many default judgments that are void for lack of subject-matter jurisdiction. Accordingly, Schwarzmer sought class action status for the following claims: (1) Declaratory judgments that all of Midlands' collections actions obtained without subject-matter jurisdiction because the defendants did not reside in Cleveland or Bratenahl are void and that the funds so collected are unlawfully retained. (2) The Midland defendants violated the Fair Debt Collection Practices Act by making false statements (averments that the defendant's residence lies within the jurisdiction of the court) under 15 U.S.C. 1692e and by filing lawsuits in a court where the consumer neither resided nor signed a contract giving rise to the debt being collected in violation of 15 U.S.C. 1292i. Pursuant to this federal statute, Schwarzmer sought statutory damages for all class members. (3) Under Ohio's Consumer Sales Practices Act, violations of the federal statute constitute violations of the Ohio statute and would entitle class members to injunctive relief and a return of all funds unlawfully retained by the Midland defendants. Schwarzmer also sought punitive damages and attorney fees.

{¶ 5} The Midland defendants then invoked the arbitration clause in the initial credit card contract that also prohibited class actions. The trial court ruled that the Midland defendants had waived this provision by their course of litigation

in the municipal court. This court affirmed in *Midland Funding LLC v. Schwarzmer,* 8th Dist. Cuyahoga No. 111357, 2022-Ohio-4506.

{¶ 6} On May 19, 2021, the Cleveland Municipal Court issued an entry recognizing that venue was improper to hear Midland Funding's collection claim and holding that pursuant to Civ.R.3(A), the case must be transferred to Shaker Heights Municipal Court. The Cleveland Municipal Court ordered plaintiff Midland Funding to deposit the appropriate cost for the transferee court into the clerk of courts pursuant to Loc.R. 6.04(A)(1) of the Cleveland Municipal Court of City of Cleveland. The failure to comply with the rule within 14 days could provide a basis for dismissal. On July 28, 2021, the Cleveland Municipal Court dismissed the case for failure to follow the court's directions for depositing the appropriate costs. Schwarzmer filed a motion for relief from judgment, and the Cleveland Municipal Court granted the motion, limiting dismissal to Midland Funding's collection claim and preserving Schwarzmer's amended counterclaim and third-party complaint.

{¶ 7} On May 5, 2023, the Midland defendants moved the Cleveland Municipal Court to transfer the case to the Cuyahoga County Common Pleas Court. Although R.C. 1901.22 provides that the Cleveland Municipal Court may retain cases in excess of $15,000, the jurisdictional limit of Ohio municipal courts, the Cleveland court exercised its discretion to transfer the underlying case to the common pleas court on June 22, 2023. Schwarzmer moved the respondent judge to reject the transfer and return the case to the municipal court. He argued that the common pleas court did not have jurisdiction to adjudicate the claim to declare the judgments

of the municipal court void for lack of subject-matter jurisdiction. On September 19, 2023, the respondent judge summarily denied Schwarzmer's motion to return the case. Schwarzmer then commenced this writ action.

## II. LEGAL ANALYSIS

{¶ 8} The requisites for mandamus are well established: (1) the relator must have a clear legal right to the requested relief, (2) the respondent must have a clear legal duty to perform the requested relief, and (3) there must be no adequate remedy at law. Additionally, although mandamus may be used to compel a court to exercise judgment or to discharge a function, it may not control judicial discretion, even if that discretion is grossly abused. *State ex rel. Ney v. Niehaus*, 33 Ohio St.3d 118, 515 N.E.2d 914 (1987). Furthermore, mandamus is not a substitute for appeal. *State ex rel. Daggett v. Gessaman*, 34 Ohio St.2d 55, 295 N.E.2d 659 (1973); *State ex rel. Pressley v. Indus. Comm. of Ohio*, 11 Ohio St.2d 141, 228 N.E.2d 631 (1967), paragraph three of the syllabus. Thus, mandamus does not lie to correct errors and procedural irregularities in the course of a case. *State ex rel. Jerninghan v. Gaughan*, 8th Dist. Cuyahoga No. 67787, 1994 Ohio App. LEXIS 6227 (Sept. 26, 1994). Furthermore, if the relator had an adequate remedy, regardless of whether it was used, relief in mandamus is precluded. *State ex rel. Tran v. McGrath*, 78 Ohio St.3d 45, 676 N.E.2d 108 (1997); *State ex rel. Boardwalk Shopping Ctr., Inc. v. Court of Appeals for Cuyahoga Cty.*, 56 Ohio St.3d 33, 564 N.E.2d 86 (1990). Moreover, mandamus is an extraordinary remedy that is to be exercised with

caution and only when the right is clear. It should not issue in doubtful cases. *State ex rel. Taylor v. Glasser*, 50 Ohio St.2d 165, 364 N.E.2d 1 (1977).

{¶ 9} Although mandamus should be used with caution, the court has discretion in issuing it. In *State ex rel. Pressley v. Indus. Comm. of Ohio*, 11 Ohio St.2d 141, 228 N.E.2d 631 (1967), paragraph seven of the syllabus, the Supreme Court of Ohio ruled that "in considering the allowance or denial of the writ of mandamus on the merits, [the court] will exercise sound, legal and judicial discretion based upon all the facts and circumstances in the individual case and the justice to be done." The court elaborated that in exercising that discretion the court should consider

> the exigency which calls for the exercise of such discretion, the nature and extent of the wrong or injury which would follow a refusal of the writ, and other facts which have a bearing on the particular case. * * * Among the facts and circumstances which the court will consider are the applicant's rights, the interests of third persons, the importance or unimportance of the case, the applicant's conduct, the equity and justice of the relator's case, public policy and the public's interest, whether the performance of the act by the respondent would give the relator any effective relief, and whether such act would be impossible, illegal, or useless.

11 Ohio St.2d at 161-162. *State ex rel. Bennett v. Lime*, 55 Ohio St.2d 62, 378 N.E.2d 152 (1978); *State ex rel. Dollison v. Reddy*, 55 Ohio St.2d 59, 378 N.E.2d 150 (1978); and *State ex rel. Mettler v. Commrs. of Athens Cty*, 139 Ohio St. 86, 38 N.E.2d 393 (1941).

{¶ 10} The principles governing prohibition are well established. Its requisites are (1) the respondent against whom it is sought is about to exercise

judicial power, (2) the exercise of such power is unauthorized by law, and (3) there is no adequate remedy at law. *State ex rel. Largent v. Fisher*, 43 Ohio St.3d 160, 540 N.E.2d 239 (1989). Furthermore, if a petitioner had an adequate remedy, relief in prohibition is precluded, even if the remedy was not used. *State ex rel. Lesher v. Kainrad*, 65 Ohio St.2d 68, 417 N.E.2d 1382 (1981). Prohibition will not lie unless it clearly appears that the court has no jurisdiction of the cause that it is attempting to adjudicate or the court is about to exceed its jurisdiction. *State ex rel. Ellis v. McCabe*, 138 Ohio St. 417, 35 N.E.2d 571 (1941), paragraph three of the syllabus. "The writ will not issue to prevent an erroneous judgment, or to serve the purpose of appeal, or to correct mistakes of the lower court in deciding questions within its jurisdiction." *State ex rel. Sparto v. Juvenile Court of Darke Cty.*, 153 Ohio St. 64, 65, 90 N.E.2d 598 (1950). Furthermore, it should be used with great caution and not issue in a doubtful case. *State ex rel. Merion v. Tuscarawas Cty. Court of Common Pleas*, 137 Ohio St. 273, 28 N.E.2d 641 (1940); and *Reiss v. Columbus Mun. Court*, 76 Ohio Law Abs. 141, 145 N.E.2d 447 (10th Dist.1956). Nevertheless, when a court is patently and unambiguously without jurisdiction to act whatsoever, the availability or adequacy of a remedy is immaterial to the issuance of a writ of prohibition. *State ex rel. Tilford v. Crush*, 39 Ohio St.3d 174, 529 N.E.2d 1245 (1988); and *State ex rel. Csank v. Jaffe*, 107 Ohio App.3d 387, 668 N.E.2d 996 (8th Dist.1995). However, absent such a patent and unambiguous lack of jurisdiction, a court having general jurisdiction of the subject matter of an action has authority to determine its own jurisdiction. A party challenging the court's jurisdiction has an

adequate remedy at law via an appeal from the court's holding that it has jurisdiction. *State ex rel. Rootstown Local School Dist. Bd. of Edn. v. Portage Cty. Court of Common Pleas*, 78 Ohio St.3d 489, 678 N.E.2d 1365 (1997). Moreover, this court has discretion in issuing the writ of prohibition. *State ex rel. Gilligan v. Hoddinott*, 36 Ohio St.2d 127, 304 N.E.2d 382 (1973).

{¶ 11} The gravamen of Schwarzmer's position is that the common pleas court does not have the power, the jurisdiction, to declare void or to vacate Cleveland Municipal Court judgments rendered in prior collection actions brought by the Midland defendants where the defendants did not reside in Cleveland or Bratenahl.

{¶ 12} The leading case on this issue is *Lingo v. State,* 138 Ohio St.3d 427, 2014-Ohio-1052, 7 N.E.3d 1188. In this case, the plaintiffs brought a declaratory judgment action in the Cuyahoga County Common Pleas Court seeking a declaration that several municipal court clerks had improperly charged court costs in traffic violation cases by assessing costs per charge rather than per case. As a remedy in addition to the declaration, the plaintiffs sought equitable disgorgement of the improperly charged costs. The Supreme Court of Ohio reasoned that the imposition of costs was part of the municipal court's criminal judgment. Therefore, the plaintiffs were really seeking to vacate that part of a criminal judgment. The court ruled that "it is well settled that declaratory judgment is not a proper vehicle for determining whether rights that were previously adjudicated were properly adjudicated. * * *. For direct and collateral attacks alike, declaratory judgment is

simply not a part of the criminal appellate or postconviction review process." (Citations omitted.) *Id.* at ¶ 44.[2]

{¶ 13} Because the appellate court in *Lingo* had stated that even when a judgment is void, appeal, not a collateral attack, is the proper remedy, the Supreme Court of Ohio considered the effects of a void judgment. It reiterated the principle that a "void judgment is a nullity and open to collateral attack at any time." *Id.* at ¶ 46. Any court has the right to decline to recognize the validity of a void judgment of any other court. Various scenarios exist in which a court might have jurisdiction to declare the judgment of another court void and refuse to enforce it. Although a court has inherent authority to vacate its own void judgments, the fact that a judgment might be void does not give every other court the authority to vacate that judgment. The court ended its analysis as follows: "Because the common pleas court was not empowered either inherently or by Ohio's Constitution to provide the requested review and relief, the court lacked jurisdiction to proceed with plaintiffs' case." *Id.* at ¶ 49. It also repeated that whether an error in a criminal judgment is

---

[2] This court notes that all of the supporting case authority used by the Supreme Court of Ohio for this principle arise from criminal cases. *Clark v. Memolo*, 174 F.2d 978, 981, 85 U.S. App. D.C. 65 (D.C.Cir.1949); *Olney v. Ohio*, 341 F.2d 913 (6th Cir.1965); *Shannon v. Sequeechi*, 365 F.2d 827, 829 (10th Cir.1966); *Wilson v. Collins*, 10th Dist. Franklin No. 10AP-511, 2010-Ohio-6538, ¶ 9; *State v. Brooks*, 133 Ohio App.3d 521, 525, 728 N.E.2d 1119 (4th Dist.1999); *Moore v. Mason*, 8th Dist. Cuyahoga No. 84821, 2005-Ohio-1188, ¶ 14; *Gotel v. Ganshiemer*, 11th Dist. Ashtabula No. 2008-A-0070, 2009-Ohio-5423, ¶ 44; *Burge v. Ohio Atty. Gen.*, 10th Dist. Franklin No. 10AP-856, 2011-Ohio-3997, ¶ 10.

either void or voidable the remedy lies in a direct or collateral attack in a court with authority to vacate the decision.

{¶ 14} The court listed the syllabus as follows:

(1) Declaratory judgment is not a proper vehicle for determining whether rights that were previously adjudicated were properly adjudicated.

(2) A void judgment is a nullity and open to collateral attack at any time.

(3) A court has the inherent authority to vacate its own void judgments.

(4) A court of common pleas has no power to vacate an order rendered by a municipal court.

{¶ 15} Similarly, in *Patton v. Diemer*, 35 Ohio St.3d 68, 518 N.E.2d 941 (1988), the Supreme Court of Ohio ruled that a common pleas court has inherent power to vacate its own void judgment. Such power is not derived from Civ.R. 60(B).

{¶ 16} In *Gilbert v. Midland Funding LLC,* 3d Dist. Hancock No. 5-19-11, 2019-Ohio-5295, Midland in 2011 commenced a collection action against Caitlin Gilbert in Findlay Municipal Court. It obtained a default judgment. Gilbert did not appeal and eventually paid the sum due. In 2015, Gilbert commenced a class action against Midland in Hancock County Common Pleas Court. She averred that she was a resident of Montgomery County, not Hancock County, when Midland sued her for the debt. Thus, the Findlay Municipal Court lacked subject-matter jurisdiction over her case and the judgment against her is void. Furthermore, Midland had brought similar cases against nonresidents in Findlay Municipal Court, and those judgments were void, too. Gilbert sought for the class members a declaration that those

judgments were void and for those judgments to be vacated, correction of credit reports, and actual damages, including all amounts collected by Midland.

{¶ 17} In reviewing the common pleas court's certification of the class, the Third District Court of Appeals ruled that pursuant to *Lingo, supra*, the common pleas court did not have the jurisdiction to review and vacate the judgments of the municipal court. The appellate court added that *Patton* and the staff notes to Civ.R. 60(B) suggest "that a void judgment might be vacated by bringing a declaratory judgment action in the court that entered the void judgment." *Id.* at ¶ 25.

{¶ 18} The Eleventh District Court of Appeals also noted that a declaratory judgment action could be used to challenge a void judgment in the same court. *Auto Loan, Inc. v. Sisler,* 11th Dist. Portage No. 2021-P-0099, 2022-Ohio-3282. In *Old Meadow Farm Co. v. Petrowski,* 11th Dist. Geauga No. 2000-G-2265, 2001 Ohio App. LEXIS 782, 9 fn. 3 (Mar. 2, 2001), the appellate court noted the inherent power of court to vacate its void judgments and noted that a declaratory judgment action could contest a void judgment.

{¶ 19} The respondent judge argues that the common pleas court has the basic statutory jurisdiction over declaratory judgments and the federal and state consumer claims. Moreover, the respondent judge argues that Schwarzmer's claim does not really seek to vacate the municipal court's judgments; rather, all the common pleas court has to do is recognize that the judgments are void and then proceed to grant the appropriate relief. This is much like a court recognizing that a

judgment is void and then not enforcing it. Thus, the respondent judge concludes that the common pleas court is not patently and unambiguously without jurisdiction to adjudicate the declaratory judgment claim. However, the Supreme Court of Ohio refuted this analysis in *Lingo*. "The relief Glick [the plaintiff] requested is possible only if the common pleas court vacates some portion of the municipal court judgment pursuant to a review of its validity * * *." *Lingo* at ¶ 36.

{¶ 20} Therefore, it is patently and unambiguously certain that the respondent judge does not have jurisdiction to adjudicate Schwarzmer's declaratory judgment claim and award the relief sought. Accordingly, this court issues the writ of prohibition to the respondent judge not to adjudicate that claim.

{¶ 21} A void judgment is a nullity and is open to collateral attack, and the Cleveland Municipal Court has the authority to vacate its own judgments. The declaratory judgment claim properly lies with the Cleveland Municipal Court. To bifurcate the declaratory judgment claim back to municipal court but leaving the two statutory claims to be determined by the court of common pleas would duplicate and waste judicial and litigant resources, risk conflicting rulings, and decrease the possibility of an omnibus settlement. Accordingly, in the exercise of its discretion, this court issues the writ of mandamus and orders the respondent judge to return the entire case to the Cleveland Municipal Court. Each party to pay its own costs. This court directs the clerk of courts to serve all parties notice of the judgment and its date of entry upon the journal as required by Civ.R. 58(B).

{¶ 22} Writs of prohibition and mandamus issued.


_____
MARY J. BOYLE, JUDGE

LISA B. FORBES, J., CONCURS;
MICHELLE J. SHEEHAN, P.J., CONCURS IN JUDGMENT ONLY