[Cite as *State v. Peterson*, 2022-Ohio-835.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,          :

                               No. 109306

    v.                           :

DAMIEN L. PETERSON,                      :

    Defendant-Appellant.         :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED; REMANDED
**RELEASED AND JOURNALIZED:** March 17, 2022

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-19-639520-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Eben McNair and Carson Strang, Assistant Prosecuting Attorneys, *for appellee.*

Damien Peterson, *pro se.*

EILEEN A. GALLAGHER, J.:

{¶ 1} Defendant-appellant Damien Peterson appeals the judgment of the Cuyahoga County Court of Common Pleas sentencing him to an aggregate term of 39 to 41.5 years in prison after he was found guilty of four counts of aggravated robbery (with multiple firearm specifications, notice of prior conviction and repeat

violent offender specifications), four counts of having weapons while under disability (with multiple firearm specifications) and two counts of misdemeanor theft. For the reasons that follow, we affirm the trial court's judgment and remand for the issuance of a nunc pro tunc order correcting certain clerical errors in the trial court's sentencing journal entry.

**Factual Background and Procedural History**

{¶ 2} Between March 17 and April 6, 2019, Peterson robbed, at gunpoint, four separate businesses in the Cleveland area. Following a bench trial, the trial court found Peterson guilty of multiple crimes associated with those robberies as follows:

- Four counts of aggravated robbery in violation of R.C. 2911.01(A)(1), a first-degree felony, with one-year, three-year and 54-month firearm specifications and notice of prior conviction and repeat violent offender specifications (Counts 1, 4, 7 and 10);

- Two counts of theft in violation of R.C. 2913.02(A)(1), a first-degree misdemeanor (Counts 2 and 8) and

- Four counts of having weapons while under disability in violation of R.C. 2923.13(A)(2), a third-degree felony, with one-year, three-year and 54-month firearm specifications (Counts 3, 6, 9 and 12).

{¶ 3} Counts 1, 2 and 3 related to the robbery of a Pizza Pan restaurant on March 17, 2019; Counts 4 and 6 related to the robbery of Davita's Larchmere Deli on March 26, 2019; Counts 7, 8 and 9 related to the robbery of Michael's Diner on April 3, 2019 and Counts 10 and 12 related to the robbery of 1900 Beverage on April 6, 2019.

{¶ 4} At the sentencing hearing, the court sentenced Peterson to an aggregate prison term of 39 to 40.5 years. The trial court determined that, as to each of Counts 1, 3, 4, 6, 7, 9, 10 and 12, the one-year and three-year firearm specifications merged into the 54-month firearm specifications and ordered that the 54-month firearm specifications in all counts be served consecutively each other — resulting in an aggregate 36-year sentence on the firearm specifications. The trial court further ordered that the sentences on the firearm specifications be served prior to and consecutive to the underlying sentences on all counts. The trial court also found that Counts 4, 7 and 10 were subject to the Reagan Tokes Law, under which qualifying first- and second-degree felonies committed on or after March 22, 2019 are subject to the imposition of indefinite sentences. Because the aggravated robbery giving rise to Count 1 occurred prior to March 22, 2019, it was not subject to the Reagan Tokes Law.

{¶ 5} The trial court ordered that all of the sentences on the underlying offenses be served concurrently to one another, resulting in an aggregate prison term of three years to four-and-one-half years on the underlying offenses. On Count 1, the trial court imposed a three-year sentence on the underlying offense. On Counts 4, 7 and 10, the trial court imposed an indefinite sentence consisting of a minimum term of three years and a maximum term of four-and-one-half years on the underlying offenses. For each of the four counts of having weapons while under disability (Counts 3, 6, 9 and 12), the trial court imposed a 36-month sentence on the underlying offenses. For each of the two counts of theft (Counts 2 and 8), the

trial court imposed a six-month sentence. The trial court also imposed five years of mandatory postrelease control.

{¶ 6} At the sentencing hearing, Peterson objected to the imposition of consecutive sentences on the firearm specifications, arguing that sentencing him on multiple firearm specifications violated due process and equal protection under the United States and Ohio Constitutions. He also objected to sentencing under the Reagan Tokes Law, arguing that the indefinite sentencing provisions of the Reagan Tokes Law were unconstitutional and violated the separation-of-powers doctrine.

{¶ 7} Although the aggregate prison term the trial court announced at the sentencing hearing totaled 39 years to 40.5 years, in its November 20, 2019 sentencing journal entry, the trial court imposed an aggregate prison sentence of 39 years to 41.5 years. Peterson appealed, raising four assignments of error for review:

> Assignment of Error I: The trial court committed a plain, mathematical error in sentencing appellant.
>
> Assignment of Error II: The trial court committed plain error in failing to merge firearm specifications related to the same act or transaction.
>
> Assignment of Error III: Defendant was denied due process of law by way of a defective complaint and failure of the government to provide a preliminary hearing within the statutory timeframe and prior to the indictment.
>
> Assignment of Error IV: The sentencing under Ohio law violated the separation of powers doctrine of the constitutions of the state of Ohio and United States, due process of law, are void for vagueness, and conflict internally with other Ohio law.

**Law and Analysis**

**Constitutionality of Reagan Tokes Law**

{¶ 8} For ease of discussion, we address Peterson's fourth assignment of error first. In his fourth assignment of error, Peterson argues that the indefinite sentencing provisions of the Reagan Tokes Law are unconstitutional because they: (1) "strip" the trial court of "the ability to determine the appropriate, maximum term of imprisonment pursuant to principles and purposes of sentencing" and, instead, "force" the trial court "to apply an arbitrary percentage," (2) allow the Ohio Department of Rehabilitation and Correction ("ODRC") to serve as "judge, prosecutor, and jury" in determining whether a prison term should be extended beyond the minimum term and (3) provide an "unconstitutionally vague" standard by which the ODRC "may both extend a prison term and determine its length."

{¶ 9} Pursuant to this court's en banc decision in *State v. Delvallie*, 8th Dist. Cuyahoga No. 109315, 2022-Ohio-470, we overrule Peterson's fourth assignment of error.

**Computation of Sentence**

{¶ 10} In his first assignment of error, Peterson argues that the trial court incorrectly computed his sentence in its sentencing journal entry, imposing an aggregate prison term of 39 to 41.5 years, instead of an aggregate prison term of 39 to 40.5 years. The state concedes the error.

{¶ 11} As stated above, at the sentencing hearing, the trial court imposed consecutive 54-month sentences on each of the eight firearm specifications for a

total of 36 years. The court ordered that the sentences on the firearm specifications be served prior to, and consecutive to, the sentences on the underlying offenses. The court imposed concurrent sentences on all of the underlying offenses, resulting in an aggregate sentence of three years to four-and-one-half years on the underlying offenses or a total aggregate sentence of 39 years to 40.5 years.

{¶ 12} However, the trial court's November 20, 2019 sentencing journal entry incorrectly states that "[t]he court imposes a prison sentence * * * of 39 years to 41.5 years total sentence." The discrepancy between the sentence imposed at the sentencing hearing and the sentence that was journalized is a clerical error that can be corrected through a nunc pro tunc entry. *See, e.g., State v. Hidvegi*, 8th Dist. Cuyahoga Nos. 108229 and 108928, 2019-Ohio-3893, ¶ 21 ("'[W]here a clerical or mathematical error exists in a sentencing entry, a nunc pro tunc entry may be properly used to correct the sentencing entry to reflect the sentence the trial court actually imposed upon the defendant at the sentencing hearing.'"), quoting *State v. Thompson*, 8th Dist. Cuyahoga No. 102326, 2015-Ohio-3882, ¶ 16; *State v. Spears*, 8th Dist. Cuyahoga No. 94089, 2010-Ohio-2229, ¶ 10; Crim.R. 36.

{¶ 13} In addition, although not raised by the parties, we note that the trial court's November 20, 2019 sentencing journal entry contains a further clerical error in that it incorrectly states that the Reagan Tokes Law applies only to Count 4. As the trial court recognized at the sentencing hearing, the Reagan Tokes Law and its indefinite sentencing provisions also apply to Counts 7 and 10. At the sentencing hearing, the trial court imposed a minimum sentence of three years and a maximum

sentence of four-and-one-half years on the underlying offenses in Counts 4, 7 and 10.  Again, this clerical error may be corrected through a nunc pro tunc entry.  *See, e.g., Hidvegi* at ¶ 21; *State v. Lugo*, 8th Dist. Cuyahoga No. 103893, 2016-Ohio-2647, ¶ 3 ("[C]lerical errors may be corrected at any time in order to conform to the transcript of the proceedings.  * * * The trial courts retain continuing jurisdiction to correct these clerical errors in judgments with a nunc pro tunc entry to reflect what the court actually decided.").

{¶ 14} Peterson's first assignment of error is sustained.  This case is remanded for the trial court to issue a nunc pro tunc order correcting the mathematical error in the calculation of Peterson's sentence and the other clerical errors in its November 20, 2019 sentencing journal entry to reflect the sentences the trial court actually imposed at the sentencing hearing.

**Sentencing on Firearm Specifications**

{¶ 15} In his second assignment of error, Peterson claims that the trial court committed plain error by "failing to merge firearm specifications related to the same act or transaction."  He asserts that because the aggravated robbery and having weapons under disability counts associated with each robbery were part of the "same act or transaction," the trial court could only impose a sentence on a single firearm specification on the counts relating to each robbery pursuant to R.C. 2929.14(B)(1)(b), i.e., that the firearm specifications in Counts 1 and 3, Counts 4 and 6, Counts 7 and 9 and Counts 10 and 12 should have merged, resulting in an

aggregate 18-year sentence on the firearm specifications instead of an aggregate 36-year sentence on the firearm specifications.[1]

{¶ 16} We agree with Peterson that each of the four aggravated robbery and related having weapons while under disability counts constitutes a single "act or transaction" for purposes of R.C. 2929.14(B)(1)(b). The Ohio Supreme Court has stated that a "transaction" refers to "'a series of continuous acts bound together by time, space and purpose, and directed toward a single objective.'" *State v. Wills*, 69 Ohio St.3d 690, 691, 635 N.E.2d 370 (1994), quoting *State v. Caldwell*, 9th Dist. Summit No. 14720, 1991 Ohio App. LEXIS 5879, 32 (Dec. 4, 1991); *see also State v. Dean*, 146 Ohio St.3d 106, 2015-Ohio-4347, 54 N.E.3d 80, ¶ 211. "In other words, courts generally evaluate whether the offenses and attendant firearm violations occurred at separate times, locations, and to different victims." *State v. Williams*, 1st Dist. Hamilton No. C-180588, 2020-Ohio-1368, ¶ 16; *see also Dean* at ¶ 214 (where "[t]he Mini Mart offenses, the drive-by shootings, and Arnold's murder occurred on different days and at different locations and involved separate victims * * * these events were not part of 'the same act or transaction' * * * and the court committed neither error nor plain error in failing to merge the firearm specifications into a single specification").

{¶ 17} Ordinarily, a trial court is prohibited from imposing multiple consecutive prison terms on multiple firearm specifications associated with

---

[1] Peterson does not dispute his guilt in this case generally, or specifically, as it applies to any of the firearm specifications.

"felonies committed as part of the same act or transaction." R.C. 2929.14(B)(1)(b); *State v. Hardnett*, 8th Dist. Cuyahoga No. 107038, 2019-Ohio-3090, ¶ 7. However, R.C. 2929.14(B)(1)(g) creates an exception to that general rule, mandating the imposition of multiple, consecutive prison terms on firearm specifications if a defendant is convicted of two or more felonies that include certain specified offenses. *State v. Young*, 8th Dist. Cuyahoga No. 102202, 2015-Ohio-2862, ¶ 8-10. R.C. 2929.14(B)(1)(g) provides:

> If an offender is convicted of or pleads guilty to two or more felonies, if one or more of those felonies are aggravated murder, murder, attempted aggravated murder, attempted murder, aggravated robbery, felonious assault, or rape, and if the offender is convicted of or pleads guilty to a specification of the type described under division (B)(1)(a) of this section [a specification of the type described in R.C. 2941.141, 2941.144, or 2941.145], in connection with two or more of the felonies, the sentencing court shall impose on the offender the prison term specified under division (B)(1)(a) of this section for each of the two most serious specifications of which the offender is convicted or to which the offender pleads guilty and, in its discretion, also may impose on the offender the prison term specified under that division for any or all of the remaining specifications.

{¶ 18} Thus, in a case such as this, where the defendant was found guilty of two or more felonies in connection with an incident (one of which was aggravated robbery) and those felonies included firearm specifications (of which the defendant was also convicted), the trial court is required to impose prison terms for the two most serious specifications. *See, e.g., State v. Adkins*, 8th Dist. Cuyahoga Nos. 109184 and 109185, 2021-Ohio-1294, ¶ 15; *State v. Nitsche*, 2016-Ohio-3170, 66 N.E.3d 135, ¶ 52-54 (8th Dist.); *State v. James*, 2015-Ohio-4987, 53 N.E.3d 770, ¶ 41 (8th Dist.); *see also Young* at ¶ 9 (""R.C. 2929.14(B)(1)(g) * * * serves as an

exception to the rule that multiple firearm specifications must be merged for purposes of sentencing when the predicate offenses were committed as a single criminal transaction.'"'"), quoting *State v. Vanderhorst*, 8th Dist. Cuyahoga No. 97242, 2013-Ohio-1785, ¶ 10, quoting *State v. Isreal*, 12th Dist. Warren No. CA2011-11-115, 2012-Ohio-4876, ¶ 71.

{¶ 19} In this case, Peterson was convicted of aggravated robbery and having weapons while under disability in connection with four separate incidents. Peterson was also convicted of firearm specifications in connection with each of those felonies. Accordingly, for each of the four sets of felonies, the trial court was required, under R.C. 2929.14(B)(1)(g), to impose consecutive sentences "for each of the two most serious specifications of which the offender is convicted," i.e., the two 54-month firearm specifications. *Nitsche* at ¶ 54; *Young* at ¶ 10. As stated above, that is precisely what the trial court did here, resulting in an aggregate 36-year prison sentence on the firearm specifications.

{¶ 20} Peterson's second assignment of error is overruled.

**Municipal Court Proceeding**

{¶ 21} In his third assignment of error, Peterson claims he was denied due process based on purported defects in a municipal court proceeding that is not before us. He asserts that the criminal complaint filed in the Shaker Heights Municipal Court was defective and that he was improperly denied a preliminary hearing. In the case before us, Peterson's convictions are predicated upon an indictment that he does not challenge.

**{¶ 22}** Moreover, we note that Peterson's arguments are otherwise meritless. "The jurisdiction of the court is invoked by the return of a valid indictment and is not based on the process by which an accused is taken into custody or the findings made on the preliminary examination." *Dowell v. Maxwell*, 174 Ohio St. 289, 290, 189 N.E.2d 95 (1963); *see also State v. Walker*, 2d Dist. Montgomery No. 28970, 2021-Ohio-3053, ¶ 36 ("the issuance of a grand jury indictment renders any defect in the complaint moot"); *State v. Rogers*, 10th Dist. Franklin No. 17AP-610, 2018-Ohio-1073, ¶ 13 ("the issuance of a grand jury indictment renders any defect in the complaint or warrant moot"); *State v. Hess*, 7th Dist. Jefferson No. 02 JE 36, 2003-Ohio-6721, ¶ 17 ("An indictment generally renders any defects in the proceedings arising from the complaint moot").

**{¶ 23}** We overrule Peterson's third assignment of error.

**{¶ 24}** Judgment affirmed. Case remanded for the trial court to issue a nunc pro tunc order correcting the mathematical error in the calculation of Peterson's sentences and other clerical errors in its November 20, 2019 sentencing journal entry to reflect the sentences the trial court actually imposed at the sentencing hearing.

It is ordered that appellant recover from appellee the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.

The defendant's convictions having been affirmed, any bail pending appeal is terminated.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN A. GALLAGHER, JUDGE

ANITA LASTER MAYS, P.J., and
LISA B. FORBES, J., CONCUR

N.B. Judge Anita Laster Mays is constrained to apply *Delvallie's* en banc decision. For a full explanation of her analysis, *see State v. Delvallie*, 8th Dist. Cuyahoga No. 109315, 2022-Ohio-470 (Laster Mays, J., concurring in part and dissenting in part).

Judge Lisa B. Forbes is constrained to apply *Delvallie*. For a full explanation, *see State v. Delvallie*, 8th Dist. Cuyahoga No. 109315, 2022-Ohio-470 (Forbes, J., dissenting).