[Cite as *State v. Peterson*, 2023-Ohio-823.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| v. | : | No. 112055 |
| DAMIEN L. PETERSON, | : | |
| Defendant-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** March 16, 2023

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-19-639520-A

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Frank Romeo Zeleznikar, *for appellant*.

Damien L. Peterson, *pro se*.

LISA B. FORBES, J.:

{¶ 1} In this accelerated appeal, Damien L. Peterson ("Peterson"), acting pro se, appeals from the trial court's journal entry denying his motion to vacate void judgment. After reviewing the facts of the case and pertinent law, we affirm the lower court's judgment.

## I. Facts and Procedural History

{¶ 2} In October 2019, Peterson was found guilty of multiple felonies related to a string of armed robberies he committed in spring of 2019. In November 2019, the court sentenced Peterson to 39 to 40.5 years in prison. Peterson filed a direct appeal, and on March 17, 2022, this court affirmed his convictions and sentence in *State v. Peterson*, 8th Dist. Cuyahoga No. 109306, 2022-Ohio-835 ("*Peterson I*"). Peterson filed an application for reopening this appeal, pursuant to App.R. 26(B), and on August 10, 2022, this court denied Peterson's request, finding that the "doctrine of res judicata prevents further review of the issues [raised] because [they] have already been addressed by this court on direct appeal and found to be without merit." *State v. Peterson*, 8th Dist. Cuyahoga No. 109306, 2022-Ohio-2766, ¶ 6 ("*Peterson II*").

{¶ 3} While Peterson's application for reopening was pending in this court, he filed a motion to vacate void judgment in the trial court. This motion was denied on September 16, 2022. It is from this order that Peterson appeals raising one assignment of error for our review:

> The trial court abused its discretion when it denied [Peterson's] motion to vacate void judgment and sentence due to the Shaker Heights Municipal Court's failure to relinquish subject matter jurisdiction of the case over to the Cuyahoga County Court of Common Pleas in Case No. CR-19-639520-A, filed on July 22, 2022.

## II. Law and Analysis

### A. Pro Se Litigants

{¶ 4} The Ohio Supreme Court has "repeatedly declared that 'pro se litigants * * * must follow the same procedures as litigants represented by counsel.' *State ex rel. Gessner v. Vore*, 123 Ohio St.3d 96, 2009-Ohio-4150, 914 N.E.2d 376, ¶ 5." *State ex rel. Neil v. French*, 153 Ohio St.3d 271, 2018-Ohio-2692, 104 N.E.3d 764, ¶ 10. Furthermore, Ohio courts have consistently held that pro se litigants "are presumed to have knowledge of the law and legal procedure and * * * they are held to the same standard as litigants who are represented by counsel." *Sabouri v. Ohio Dept. of Job & Family Servs.*, 145 Ohio App.3d 651, 654, 763 N.E.2d 1238 (10th Dist.2001).

### B. Standard of Review — Postconviction-Relief Petition

{¶ 5} Prior to reviewing Peterson's assignment of error, we note that "a motion to vacate a void judgment is treated as a petition for postconviction relief under R.C. 2953.21(A)(1) because it (1) is filed subsequent to a direct appeal, (2) claim[s] a denial of constitutional rights, (3) seeks to render the judgment void, and (4) asks for a vacation of the judgment and sentence." *State v. Lawrence*, 8th Dist. Cuyahoga No. 109951, 2021-Ohio-2105, ¶ 9. Therefore, we construe Peterson's motion to vacate void judgment as a postconviction-relief petition.

{¶ 6} Appellate courts review a trial court's ruling on a petition for postconviction relief under an abuse of discretion standard. *State v. Watts*, 8th Dist. Cuyahoga No. 108296, 2019-Ohio-4356, ¶ 11. *See also State v. Gondor*, 112 Ohio

St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77, ¶ 58 (holding that "a trial court's decision granting or denying a postconviction petition filed pursuant to R.C. 2953.21 should be upheld absent an abuse of discretion; a reviewing court should not overrule the trial court's finding on a petition for postconviction relief that is supported by competent and credible evidence").

### C. Postconviction Relief and Res Judicata

{¶ 7} A postconviction proceeding is not an appeal of a criminal conviction. Rather, it is a collateral civil attack on the judgment. *State v. Steffen*, 70 Ohio St.3d 399, 639 N.E.2d 67 (1994). R.C. 2953.21 allows defendants who have been convicted of criminal offenses to file petitions for postconviction relief, "asking the court to vacate or set aside the judgment or sentence * * *." Petitioners must state "all grounds for relief" upon which they rely, and they waive all other grounds not so stated. R.C. 2953.21(A)(4).

{¶ 8} However, a "petition for postconviction relief is not the proper vehicle to raise issues that were or could have been determined on direct appeal." *State v. Hale*, 8th Dist. Cuyahoga No. 103654, 2016-Ohio-5837, ¶ 8, *citing State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967*). See also State v. Montgomery*, 8th Dist. Cuyahoga No. 99452, 2013-Ohio-4193, ¶ 42 ("The usual formulation of res judicata in postconviction proceedings is that it bars the assertion of claims against a valid, final judgment of conviction that have been raised or could have been raised on appeal.").

**D. Analysis**

{¶ 9} In Peterson's sole assignment of error in the case at hand, he argues that his convictions and sentence should be vacated "because the Shaker Heights Municipal Court never issued a bind over order relinquishing subject matter jurisdiction of the case over to the Cuyahoga County Court of Common Pleas." Peterson claims that his due process rights were violated as a result.

{¶ 10} In Peterson's motion to vacate void judgment, the trial court's denial of which forms the basis for the case at hand, Peterson argued that his convictions and sentence are void "due to the Shaker Heights Municipal Court's failure to relinquish jurisdiction to the Cuyahoga County Court of Common Pleas." Peterson further argued that he "never received his entitled preliminary hearing, nor did he waive said preliminary hearing, for was [he] directly indicted on the charge in the Shaker Heights Municipal Court * * *."

{¶ 11} This argument was reviewed and rejected on the merits by this court in *Peterson I.* The third assignment of error in *Peterson I* follows: "Defendant was denied due process of law by way of a defective complaint and failure of the government to provide a preliminary hearing within the statutory timeframe and prior to the indictment." *Peterson I* at ¶ 7. Specifically, Peterson argued that "the criminal complaint filed in the Shaker Heights Municipal Court was defective and * * * he was improperly denied a preliminary hearing." *Id.* at ¶ 21. In *Peterson I,* this court found that argument to be without merit, because (1) the Shaker Heights Municipal Court proceedings were not part of the case at issue, and (2) the

indictment filed in the Cuyahoga County Court of Common Pleas case at issue rendered any defects in the initial complaint moot. *Id*. at ¶ 21, 22. *See also* Crim.R. 5(B)(1) (stating that the preliminary hearing in felony cases "shall not be held * * * if the defendant is indicted").

{¶ 12} Additionally, this court determined that res judicata barred Peterson from raising this same argument again in *Peterson II*. This court opined that the "issues raised by Peterson * * * basically involve * * * a defective preliminary hearing in the Shaker Heights Municipal Court and a lack of jurisdiction on the part of the Cuyahoga County Common Pleas Court to indict, bring to trial, and convict him of the offenses" concerning his armed robbery spree. *Peterson II* at ¶ 5. This court held that the "doctrine of res judicata prevents further review of the issues relating to a preliminary hearing in the Shaker Heights Municipal Court because the issues have already been addressed by this court on direct appeal and found to be without merit."

{¶ 13} Because Peterson did not raise any issues in his postconviction motion to vacate judgment that had not been addressed in *Peterson I* and *Peterson II*, his argument is barred by the doctrine of res judicata. Accordingly, Peterson's sole assignment of error is overruled.

{¶ 14} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
LISA B. FORBES, JUDGE

ANITA LASTER MAYS, A.J., and
EMANUELLA D. GROVES, J., CONCUR