**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Peterson v. Miday*, Slip Opinion No. 2024-Ohio-2693.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2024-OHIO-2693

THE STATE EX REL. PETERSON, APPELLANT, *v*. MIDAY, JUDGE, APPELLEE.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Peterson v. Miday*, Slip Opinion No. 2024-Ohio-2693.]**

*Prohibition—Res judicata was not an appropriate basis to dismiss petition on motion to dismiss—Trial-court judge did not patently and unambiguously lack jurisdiction over petitioner's criminal case, and petitioner has or had adequate remedies in ordinary course of law to pursue his claims—Court of appeals did not abuse its discretion in declaring petitioner to be vexatious litigator under its local rules—Court of appeals' judgment affirmed.*

(No. 2023-1152—Submitted April 9, 2024—Decided July 18, 2024.)

APPEAL from the Court of Appeals for Cuyahoga County,

No. 112792, 2023-Ohio-2963.

_____

The per curiam opinion below was joined by KENNEDY, C.J., and FISCHER, DEWINE, DONNELLY, STEWART, BRUNNER, and DETERS, JJ.

**Per Curiam.**

**{¶ 1}** Appellant, Damien L. Peterson, appeals the Eighth District Court of Appeals' judgment dismissing his petition for a writ of prohibition against appellee, Judge Sherrie Miday of the Cuyahoga County Court of Common Pleas.  The appellate court found that Peterson's claims were barred by res judicata.  It also denied Peterson's motion for judgment on the pleadings and declared him to be a vexatious litigator under its local rules.

**{¶ 2}** We affirm the Eighth District's judgment, but for reasons different from those of the Eighth District.  We also affirm its decisions denying Peterson's motion for judgment on the pleadings and declaring him to be a vexatious litigator under that court's local rules.

## I.  FACTS AND PROCEDURAL HISTORY

**{¶ 3}** Peterson was convicted of multiple felonies in November 2019.  According to the Eighth District, the convictions stemmed from four armed robberies that were committed in the Cleveland area in March and April 2019.  *See State v. Peterson*, 2022-Ohio-835, ¶ 2-3 (8th Dist.) (Peterson's direct appeal from those convictions).  In April 2019, Peterson was arrested by Shaker Heights Police Department officers and charged in the Shaker Heights Municipal Court with one count of aggravated robbery.  He was subsequently indicted by a grand jury, and his case was transferred to the Cuyahoga County Court of Common Pleas.  Following a bench trial, Peterson was convicted and sentenced to a prison term of 39 to 41.5 years.

**{¶ 4}** In May 2023, Peterson petitioned the Eighth District for a writ of prohibition.  Peterson amended his petition, alleging that Judge Miday never obtained jurisdiction over his case because:

- The Shaker Heights Municipal Court never held a preliminary hearing;

- The Shaker Heights Municipal Court never issued a bindover order transferring his case to Judge Miday;

- The Shaker Heights Municipal Court retained jurisdiction over his case under the jurisdictional-priority rule; and

- Peterson was arrested "without an active arrest warrant."

**{¶ 5}** Based on those allegations, Peterson argued that Judge Miday patently and unambiguously lacks jurisdiction over his case. Peterson asked the appellate court to issue the writ to prevent Judge Miday from exercising any jurisdiction over his criminal case, and he asked the court to "[c]orrect and vacate" the judge's orders finding him guilty and imposing his sentence and to dismiss the "invalid indictment" against him.

**{¶ 6}** Judge Miday filed a motion to dismiss the amended petition, arguing that she had jurisdiction over Peterson's case. She also argued that Peterson's claims concerning his arrest, the municipal court's failure to hold a preliminary hearing, and the lack of a bindover order either lacked merit or could not be raised in a petition for an extraordinary writ because he had adequate remedies in the ordinary course of the law through appeal. Regarding Peterson's jurisdictional-priority-rule claim, Judge Miday argued that the rule was inapplicable to Peterson's case because the municipal court had dismissed the charges against him.

**{¶ 7}** In response to the judge's motion, Peterson filed a motion for judgment on the pleadings, citing Civ.R. 12(C) and (H)(2). Peterson argued in that motion that because Judge Miday's motion to dismiss did not specifically present any argument under Civ.R. 12(B)(1) through (7), she had failed to state a legal defense. Peterson also contended that he was entitled to judgment in his favor because the judge's motion to dismiss conceded that the municipal court never bound him over to the court of common pleas.

**{¶ 8}** In August 2023, the Eighth District issued a decision granting Judge Miday's motion to dismiss. 2023-Ohio-2963, ¶ 9 (8th Dist.). The appellate court

found that Peterson's prohibition claims were barred by res judicata because "[e]ach of the four claims raised by Peterson, in support of his complaint for prohibition, [were] previously raised [in that] court and found to be without any merit." *Id*. at ¶ 4. The appellate court also rejected Peterson's claim that Judge Miday lacks jurisdiction over his criminal case. *Id*. at ¶ 6. Finally, based on Peterson's repeating the same arguments to the appellate court, the court sua sponte declared him to be a vexatious litigator under its local rules, setting conditions for his pursuit of any further original actions in that court. *Id*. at ¶ 7. The court summarily denied Peterson's motion for judgment on the pleadings in a separate order.

{¶ 9} Peterson filed this appeal as of right.

## II. ANALYSIS

### A. Writ of prohibition

{¶ 10} This court reviews the Eighth District's judgment of dismissal de novo. *State ex rel. Brown v. Nusbaum*, 2017-Ohio-9141, ¶ 10. Dismissal of a complaint "is appropriate if, after all factual allegations of the complaint are presumed true and all reasonable inferences are made in relator's favor, it appears beyond doubt that relator can prove no set of facts warranting relief." *Clark v. Connor*, 82 Ohio St.3d 309, 311 (1998).

{¶ 11} Three elements must be met for a writ of prohibition to issue: (1) the exercise of judicial power, (2) the lack of authority for the exercise of that power, and (3) the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Elder v. Camplese*, 2015-Ohio-3628, ¶ 13. However, if the absence of the lower court's jurisdiction is patent and unambiguous, the petitioner need not establish the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Sapp v. Franklin Cty. Court of Appeals*, 2008-Ohio-2637, ¶ 15.

*B. The Eighth District's conclusion that res judicata barred Peterson's claims was erroneous*

{¶ 12} Under his first proposition of law, Peterson argues that the Eighth District erred by dismissing his petition based on res judicata. This argument has merit.

{¶ 13} The appellate court dismissed Peterson's petition in granting Judge Miday's motion to dismiss. 2023-Ohio-2963 at ¶ 8 (8th Dist.). This court has held that it is generally inappropriate to grant a motion to dismiss based on res judicata, because it is an affirmative defense. *State ex rel. West v. McDonnell*, 2014-Ohio-1562, ¶ 16. As such, res judicata was not an appropriate basis to dismiss Peterson's petition on a motion to dismiss.

{¶ 14} Even though Peterson is correct that the Eighth District's rationale for dismissing his petition was incorrect, "a reviewing court is not authorized to reverse a correct judgment merely because erroneous reasons were assigned as a basis thereof," *State ex rel. Fattlar v. Boyle*, 83 Ohio St.3d 123, 125 (1998). As discussed below, Peterson has failed to show that Judge Miday patently and unambiguously lacks jurisdiction over his criminal case. He also has or had adequate remedies in the ordinary course of the law to pursue his claims.

*C. Judge Miday does not patently and unambiguously lack jurisdiction over Peterson's criminal case, and Peterson has or had adequate remedies in the ordinary course of the law to pursue his claims*

{¶ 15} The central premise of Peterson's prohibition petition is that Judge Miday patently and unambiguously lacks jurisdiction over his criminal case. Peterson seems to argue that any of the errors alleged in his petition completely divest Judge Miday of jurisdiction over his criminal case, obviating his burden to show that he lacks an adequate remedy in the ordinary course of the law.

{¶ 16} This court has held that "the court of common pleas is a court of general jurisdiction, with subject-matter jurisdiction that extends to 'all matters at

5

law and in equity that are not denied to it.' " *Bank of Am., N.A. v. Kuchta*, 2014-Ohio-4275, ¶ 20, quoting *Saxton v. Seiberling*, 48 Ohio St. 554, 558-559 (1891). R.C. 2931.03 grants the courts of common pleas "original jurisdiction of all crimes and offenses, except in cases of minor offenses the exclusive jurisdiction of which is vested in courts inferior to the court[s] of common pleas." "[W]hen [this court has] found that a court of common pleas patently and unambiguously lacks jurisdiction, it is almost always because a statute explicitly removed that jurisdiction." *Ohio High School Athletic Assn. v. Ruehlman*, 2019-Ohio-2845, ¶ 9 (citing cases).

**{¶ 17}** Here, Peterson cites no statute or other authority that explicitly removes Judge Miday's jurisdiction over his criminal case. Both his amended petition and his brief in this court cite R.C. 1901.20(B), which grants the municipal courts "jurisdiction to hear felony cases committed within [their] territor[ies]." However, nothing in that statute explicitly (or even implicitly) removes jurisdiction over such cases from the courts of common pleas. More to the point, the statute grants the municipal courts limited jurisdiction over felony cases, stating:

> In all felony cases, the [municipal] court may conduct preliminary hearings and other necessary hearings prior to the indictment of the defendant or prior to the court's finding that there is probable and reasonable cause to hold or recognize the defendant to appear before a court of common pleas and may discharge, recognize, or commit the defendant.

*Id.*; *see also Independence v. Ismail*, 2022-Ohio-3742, ¶ 7 (8th Dist.) (noting that under R.C. 1901.20(B), the municipal courts have limited jurisdiction over felony cases).

6

{¶ 18} Peterson also invokes the jurisdictional-priority rule to question Judge Miday's jurisdiction. *See State ex rel. Consortium for Economic & Community Dev. for Hough Ward 7 v. Russo*, 2017-Ohio-8133, ¶ 8 (under certain circumstances, writ of prohibition is an available remedy to enforce the jurisdictional-priority rule). But his argument still fails because the Shaker Heights Municipal Court and the Cuyahoga County Court of Common Pleas are not courts of concurrent jurisdiction.

{¶ 19} The jurisdictional-priority rule provides, "'As between [state] courts of concurrent jurisdiction, the tribunal whose power is first invoked by the institution of proper proceedings acquires jurisdiction, to the exclusion of all other tribunals, to adjudicate upon the whole issue and to settle the rights of the parties.' " (Bracketed text added in *Dunlap*.) *State ex rel. Dunlap v. Sarko*, 2013-Ohio-67, ¶ 9, quoting *State ex rel. Phillips v. Polcar*, 50 Ohio St.2d 279 (1977), syllabus. "[T]he jurisdictional priority rule does not apply when 'the conflict of jurisdiction is between a court of general jurisdiction and one whose limited powers are inadequate to afford full relief to the parties.' " *Kinzel v. Ebner*, 2020-Ohio-4165, ¶ 86 (6th Dist.), quoting *Scott v. Dohse*, 2011-Ohio-2190, ¶ 6 (2d Dist.). "It is well established that municipal courts are courts of limited jurisdiction, and their jurisdictional limitations are set by statute." *Cleveland Hous. Renewal Project, Inc. v. Wells Fargo Bank, N.A.*, 2010-Ohio-2351, ¶ 25 (8th Dist.).

{¶ 20} Because the Shaker Heights Municipal Court is a court of limited jurisdiction, the kind of jurisdictional conflict that the jurisdictional-priority rule is designed to address never existed in this case. And because there was never a jurisdictional conflict between the municipal court and the court of common pleas, the jurisdictional-conflict rule provides no basis to find that Judge Miday patently and unambiguously lacks jurisdiction.

{¶ 21} Peterson raised three other claims challenging his convictions: (1) he was arrested without a warrant, (2) the municipal court did not conduct a

preliminary hearing, and (3) he was not bound over to the court of common pleas. Unlike the jurisdictional-priority rule, none of these claims implicates Judge Miday's general jurisdiction. Regarding Peterson's claims that he never received a preliminary hearing and that there was no bindover order, those are procedural issues, not jurisdictional. *See State ex rel. Barnette v. Hill*, 2022-Ohio-2469, ¶ 8. His alleged warrantless arrest also would not affect Judge Miday's jurisdiction. *See State ex rel. Davis v. Sloan*, 2018-Ohio-2890, ¶ 8 (11th Dist.).

{¶ 22} Because Judge Miday does not patently and unambiguously lack jurisdiction over Peterson's criminal case, a writ of prohibition will not issue unless Peterson can show that he lacks an adequate remedy in the ordinary course of the law. *See Elder*, 2015-Ohio-3628, at ¶ 13. "An appeal is considered an adequate remedy that will preclude a writ of prohibition." *State ex rel. Huntington Natl. Bank v. Kontos*, 2015-Ohio-5190, ¶ 17. Each of Peterson's remaining claims can be raised on appeal. *See, e.g.*, *State v. Jordan*, 2021-Ohio-3922, ¶ 19 (warrantless arrest); *State v. Coleman*, 2023-Ohio-4354, ¶ 9-10 (12th Dist.) (failure to conduct a preliminary hearing); *State v. Parker*, 2017-Ohio-1389, ¶ 20 (2d Dist.) (challenge to bindover process); *State ex rel. Plant v. Cosgrove*, 2008-Ohio-3838, ¶ 5 ("In the absence of a patent and unambiguous lack of jurisdiction, a court having general subject-matter jurisdiction can determine its own jurisdiction, and a party contesting that jurisdiction has an adequate remedy by appeal").

{¶ 23} Peterson has failed to show that Judge Miday patently and unambiguously lacks jurisdiction over his criminal case. Further, he has or had adequate remedies in the ordinary course of the law through appeal to address his claims.

## D. *The Eighth District correctly denied Peterson's motion for judgment on the pleadings*

{¶ 24} Under his second proposition of law, Peterson argues that the Eighth District erred by denying his motion for judgment on the pleadings. But since we

affirm the Eighth District's judgment because Peterson failed to show that he is entitled to a writ of prohibition, we need not address the ruling on Peterson's motion for judgment on the pleadings.

*E. The Eighth District did not abuse its discretion by declaring Peterson to be a vexatious litigator under its local rules*

**{¶ 25}** Peterson also appeals the Eighth District's sua sponte decision declaring him to be a vexatious litigator under that court's local rules. The appellate court found that Peterson had "persistently and without any legal basis attempted to litigate the claims of improper bindover, trial court's lack of jurisdiction, and lack of a preliminary hearing . . . ." 2023-Ohio-2963 at ¶ 7 (8th Dist.). This was based on two appeals that Peterson had filed in the Eighth District, an application to reopen his direct appeal that Peterson had filed in the Eighth District, a procedendo petition that Peterson had filed against Judge Miday in the Eighth District, and a habeas corpus petition that Peterson had filed in the Ninth District Court of Appeals. *Id.* at ¶ 4-5 and fn. 1. Peterson is now required to seek the Eighth District's leave before filing an original action in that court. *Id.* at ¶ 7.

**{¶ 26}** Under Eighth Dist.Loc.R. 23(B), "[i]f a party habitually, persistently, and without reasonable cause engages in frivolous conduct under division (A) of this rule, the Eighth District Court of Appeals may, sua sponte or on motion by a party, find the party to be a vexatious litigator." "An appeal, original action, or motion shall be considered frivolous if it is not reasonably well-grounded in fact, or warranted by existing law, or by a good faith argument for the extension, modification, or reversal of existing law." Eighth Dist.Loc.R. 23(A). This court reviews "a vexatious-litigator determination for an abuse of discretion." *State ex rel. Newell v. Cuyahoga Cty. Court of Common Pleas*, 2021-Ohio-3662, ¶ 19, citing *State ex rel. Lisboa v. Fuerst*, 2012-Ohio-3913, ¶ 2.

**{¶ 27}** Although the appellate court's decision was based on only five previous cases that Peterson filed over three years, we have held that "our

assessment of a litigant's vexatiousness is not based solely on the number of cases he has filed but also on the repetitiveness of the arguments raised," *State ex rel. Johnson v. Bur. of Sentence Computation*, 2020-Ohio-999, ¶ 21. The appellate court accurately noted that Peterson's claims in this case reiterated claims he made in prior unsuccessful appeals and original actions. *See Peterson*, 2022-Ohio-835, at ¶ 21 (8th Dist.) (appeal alleging defective criminal complaint and improper denial of preliminary hearing); *State v. Peterson*, 2022-Ohio-2766, ¶ 5 (8th Dist.) (application to reopen direct appeal alleging ineffective assistance of appellate counsel for failure to raise issues of defective preliminary hearing and lack of jurisdiction of the court of common pleas); *State v. Peterson*, 2023-Ohio-823, ¶ 9 (8th Dist.) (appeal alleging the court of common pleas lacks jurisdiction because there was no bindover from the municipal court); *State ex rel. Peterson v. Miday*, 2020-Ohio-5515, ¶ 3 (8th Dist.) (procedendo action alleging multiple defects in criminal complaint, resulting in lack of jurisdiction of the court of common pleas, and the municipal court's failure to conduct a preliminary hearing); *Peterson v. Foley*, 2021-Ohio-2455, ¶ 7 (9th Dist.) (habeas corpus action alleging, among other things, improper bindover to the court of common pleas).

{¶ 28} On the facts in this case, we cannot say that the Eighth District abused its discretion in declaring Peterson to be a vexatious litigator under its local rules. *See AAAA Ents., Inc. v. River Place Community Urban Redevelopment Corp.*, 50 Ohio St.3d 157, 161 (1990) (for purposes of finding abuse of discretion, "[i]t is not enough that the reviewing court, were it deciding the issue de novo, would not have found that reasoning process to be persuasive, perhaps in view of countervailing reasoning processes that would support a contrary result"). The Eighth District found that the common thread in Peterson's litigation history is his contention that the transfer of his case from the municipal court to the court of common pleas was flawed and deprived Judge Miday of jurisdiction over the case and voided his convictions. Courts have consistently rejected his arguments, but

Peterson has continued to present them in appeals and original actions. Although Peterson's arguments may have originally been made in good faith, they have been rendered frivolous by the courts' repeated rejection of them. As such, we hold that the Eighth District did not abuse its discretion when it determined that Peterson, through his repeated filings, habitually, persistently, and without reasonable cause engaged in frivolous conduct, and we affirm the Eighth District's decision declaring Peterson to be a vexatious litigator under Eighth Dist.Loc.R. 23(B).

### III. CONCLUSION

{¶ 29} For the foregoing reasons, we affirm the Eight District Court of Appeals' judgment dismissing Peterson's petition for a writ of prohibition, but we do so on the bases that Judge Miday does not patently and unambiguously lack jurisdiction over Peterson's criminal case and Peterson has or had adequate remedies in the ordinary course of the law to pursue his claims. We also affirm the appellate court's denial of Peterson's motion for judgment on the pleadings and its decision declaring him to be a vexatious litigator under Eighth Dist.Loc.R. 23(B).

Judgment affirmed.

_____

Damien L. Peterson, pro se.

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and James E. Moss, Assistant Prosecuting Attorney, for appellee.

_____

11