[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Schwarzmer v. Mazzone*, Slip Opinion No. 2025-Ohio-1246.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2025-OHIO-1246

THE STATE EX REL. SCHWARZMER, APPELLEE, *v.* MAZZONE,[1] JUDGE; MIDLAND FUNDING, L.L.C., ET AL., APPELLANTS.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Schwarzmer v. Mazzone*, Slip Opinion No. 2025-Ohio-1246.]**

*Prohibition—Mandamus—Common pleas court did not patently and unambiguously lack subject-matter jurisdiction to accept transfer of municipal-court case—Appellee had adequate remedy in ordinary course of law—Court of appeals' judgment granting writs reversed.*

(No. 2024-0469—Submitted January 7, 2025—Decided April 15, 2025.)

APPEAL from the Court of Appeals for Cuyahoga County,

No. 113319, 2024-Ohio-1050.

_____

1. Judge Janet Burnside was substituted for Judge Daniel Gaul as the respondent in the prohibition and mandamus action, *see* 2024-Ohio-1050, ¶ 1, fn. 1 (8th Dist.); however, in January 2025, Judge Carl J. Mazzone succeeded Judge Gaul, and we have automatically substituted Judge Mazzone for Judge Burnside in this case.  *See* Rule 4.06(B).  None of these judges has appealed the Eighth District's order or otherwise appeared before this court in this case.

_____

The per curiam opinion below was joined by KENNEDY, C.J., and FISCHER, DEWINE, BRUNNER, DETERS, HAWKINS, and SHANAHAN, JJ.

**Per Curiam.**

{¶ 1} Appellants, Midland Funding, L.L.C., Midland Credit Management, Inc., and Encore Capital Group, Inc. (collectively, "Midland"), filed an action in the Cleveland Municipal Court to pursue an unpaid credit-card debt allegedly owed by appellee, Mendy Schwarzmer. Schwarzmer filed an amended answer and a class-action counterclaim, alleging that Midland's claims against him had no connection to the municipal court's territorial jurisdiction and that any judgment that Midland won in the municipal court over a party beyond its territorial jurisdiction is void for lack of subject-matter jurisdiction. He sought a declaratory judgment and disgorgement, as well as an award of statutory damages available under state and federal law.

{¶ 2} After the Cleveland Municipal Court dismissed Midland's claim against Schwarzmer, Midland asked that the municipal court transfer Schwarzmer's counterclaim to the Cuyahoga County Common Pleas Court. The municipal court did so. Schwarzmer then petitioned the common pleas court to reject the transfer and send the case back to the municipal court. When the common-pleas-court judge refused, Schwarzmer petitioned the Eighth District Court of Appeals for writs of prohibition and mandamus to order the judge to return the case to the municipal court.

{¶ 3} The Eighth District held that the common pleas court lacked jurisdiction over Schwarzmer's claim that the municipal court's past judgments are void. It granted writs of prohibition and mandamus. But to do so, it erred in its jurisdictional analysis. We reverse the judgment of the Eighth District and deny the writs.

## I.  FACTS AND PROCEDURAL HISTORY

**{¶ 4}** Municipal courts have subject-matter jurisdiction to hear only those cases that arise in their territorial jurisdiction.  *Cheap Escape Co., Inc. v. Haddox, L.L.C.*, 2008-Ohio-6323, ¶16.   So when Midland sued Schwarzmer in the Cleveland Municipal Court, Schwarzmer asserted in his counterclaim that he and a class of plaintiffs are entitled to a declaratory judgment that the Cleveland Municipal Court does not have subject-matter jurisdiction over Midland's debt-collection actions against him and the class.  Schwarzmer alleged that he and the class members neither resided nor took any legally relevant actions in Cleveland. Schwarzmer sought a declaratory judgment that all judgments issued in Midland's favor against the class in the Cleveland Municipal Court are void and that all funds seized in the enforcement of those judgments are unlawfully detained.  He sought an injunction directing Midland to "return all funds unlawfully retained by Midland."  Schwarzmer also raised claims under the federal Fair Debt Collections Practices Act and Ohio's Consumer Sales Practices Act that would give rise to various other damages.

**{¶ 5}** The Cleveland Municipal Court, according to the Eighth District, ruled that "venue was improper" to consider Midland's collections action against Schwarzmer, and when Midland failed to pay the transfer fee due under Cleveland Municipal Court Local Rule 6.04(A)(1), the municipal court dismissed Midland's collection claims.  2024-Ohio-1050, ¶ 6 (8th Dist.).  Midland moved to transfer Schwarzmer's remaining counterclaims to the Cuyahoga County Court of Common Pleas.  The Cleveland Municipal Court disagreed that it was required to transfer the case, pointing to exceptions under R.C. 1901.22(E) and Cleveland Municipal Court Local Rule 6.04(B) that allow it to retain jurisdiction over counterclaims exceeding the jurisdictional monetary limit that applies to other municipal courts.  Yet the court agreed to transfer the whole case to the Cuyahoga County Court of Common

Pleas. *Midland Credit Management, Inc. v. Schwarzmer*, Cleveland M.C. No. 2020-CVF-006312 (June 20, 2023).

{¶ 6} Schwarzmer moved the common pleas court to reject the transfer and to return the entire case to the Cleveland Municipal Court, or to at least return the claims for declaratory judgment. He pointed out that although the common pleas court can issue declaratory judgments, it cannot usually void judgments of the municipal court. He asserted that the common pleas court's inability to declare judgments of the municipal court void and to vacate them means that it lacks jurisdiction over the subject matter of the case. After full briefing on the motion, the common pleas court denied Schwarzmer's motion without an opinion.

{¶ 7} Schwarzmer petitioned the Eighth District for writs of prohibition and mandamus compelling the common-pleas-court judge "(1) to refrain from exercising jurisdiction over the underlying matter, (2) to vacate his order denying [Schwarzmer's] motion to reject transfer of this case . . . and (3) to return the case to the Cleveland Municipal Court." He again claimed that the common pleas court lacked subject-matter jurisdiction to consider whether the municipal-court judgments are void and that the common pleas court should return the case, at least in part, to the municipal court so that it could consider whether its own past judgments were void. The Eighth District granted Midland's motion to intervene as an additional respondent. The common-pleas-court judge moved to dismiss, and Midland submitted a motion for judgment on the pleadings.

{¶ 8} The Eighth District agreed with Schwarzmer. It found that the common pleas court could not hear a case that might require it to declare the judgments of a municipal court void. 2024-Ohio-1050 at ¶ 20-21 (8th Dist.). Relying heavily on our decision in *Lingo v. State*, 2014-Ohio-1052, the Eighth District granted the writs, concluding that the court of common pleas patently and unambiguously lacked jurisdiction because (1) a void judgment is a nullity and

open to collateral attack and (2) the Cleveland Municipal Court has the authority to vacate its own judgments. 2024-Ohio-1050 at ¶ 12-14, 21.

{¶ 9} Midland now appeals, raising five issues. First, it asserts that the common pleas court has general subject-matter jurisdiction to hear cases seeking declaratory judgment and "does not patently and unambiguously lack jurisdiction even if it lacks authority to grant the requested relief." Second, it argues that the Cleveland Municipal Court patently and unambiguously lacks jurisdiction to grant the relief Schwarzmer requests. Third, it argues that the municipal court exercised discretion when it transferred the case to the common pleas court, so the writs are inappropriate. Fourth, it claims that Schwarzmer has an adequate remedy through an appeal. And finally, Midland argues that the Eighth District erred by denying its motion for judgment on the pleadings as moot. Because we reverse the Eighth District on other grounds, we see no need to address this final argument.

## II. ANALYSIS

{¶ 10} Prohibition and mandamus are both extraordinary remedies that a petitioner must prove by clear and convincing evidence. *State ex rel. Evans v. McGrath*, 2018-Ohio-3018, ¶4. For a writ of prohibition to issue, Schwarzmer must show that (1) the common-pleas-court judge exercised judicial power, (2) the exercise of that power was unlawful, and (3) there is no adequate remedy in the ordinary course of law. *State ex rel. Shubert v. Breaux*, 2024-Ohio-2491, ¶ 32. For a writ of mandamus to issue, Schwarzmer must show that (1) he has a clear legal right to the requested relief, (2) the common-pleas-court judge has a clear legal duty to provide that relief, and (3) there is no adequate remedy available in the ordinary course of law. *State ex rel. Manley v. Walsh*, 2014-Ohio-4563, ¶ 18. If the common pleas court patently and unambiguously lacked jurisdiction, either writ may issue despite the availability of an adequate remedy in the ordinary course of law. *State ex rel. Yeager v. Lake Cty. Court of Common Pleas*, 2024-Ohio-1921, ¶ 8.

**{¶ 11}** Neither writ may serve as a substitute for an appeal. *State ex rel. Berger v. McMonagle*, 6 Ohio St.3d 28, 30 (1983). And neither may issue to control the discretion of an inferior court. *State ex rel. Technical Constr. Specialties, Inc. v. DeWeese*, 2018-Ohio-5082, ¶17. In sum, when applied to courts, the writs together ensure that each court fulfills its duties under the Constitution and statutes of Ohio without exceeding the bounds of the authority it draws from them.

**A. The common pleas court did not lack subject-matter jurisdiction**

**{¶ 12}** The crux of the question regarding the issuance of a writ of prohibition here turns on whether the common pleas court lacks subject-matter jurisdiction over Schwarzmer's claims. Schwarzmer analyzes the court's subject-matter jurisdiction based on the specific remedy requested in the underlying dispute: a declaration that the Cleveland Municipal Court's past judgments are void and must be vacated. Midland analyzes the issue based on the type of relief requested: a declaratory judgment. Midland's approach is right in this case.

**{¶ 13}** "There is a distinction between a court that lacks subject-matter jurisdiction over a case and a court that improperly exercises that subject-matter jurisdiction once conferred upon it." *Pratts v. Hurley*, 2004-Ohio-1980, ¶ 10. A court's subject-matter jurisdiction is determined without regard to the rights of the parties involved in a particular case. *Bank of Am., N.A. v. Kuchta*, 2014-Ohio-4275, ¶19. If a court has subject-matter jurisdiction, any error in the invocation or exercise of jurisdiction over a particular case cannot be challenged in prohibition but instead must wait to be challenged until appeal of the final judgment. *See Schlegel v. Sweeney*, 2022-Ohio-3841, ¶8, quoting *State ex rel. Huntington Natl. Bank v. Kontos*, 2015-Ohio-5190, ¶17 ("The availability of an 'appeal is considered an adequate remedy that will preclude a writ of prohibition.' ").

**{¶ 14}** The common pleas court is a court of general subject-matter jurisdiction with power over "all matters at law and in equity that are not denied to it." *Saxton v. Seiberling*, 48 Ohio St. 554, 558-559 (1891). In civil cases, the

common pleas courts have subject-matter jurisdiction over all cases involving a value that exceeds the monetary jurisdiction of the county courts. R.C. 2305.01; *see also* R.C. 1907.03. In Schwarzmer's case, the transfer from the municipal court to the common pleas court was putatively proper because the monetary value of damages in the counterclaim exceeded $15,000. *Compare State ex rel. Welt v. Doherty*, 2021-Ohio-3124, at ¶16 (transfer of case from municipal court to common pleas court was proper because the counterclaim exceeded the municipal court's monetary jurisdictional limit of $15,000) *with State ex rel. State Farm Mut. Ins. Co. v. O'Donnell*, 2021-Ohio-1205, ¶11-12, 14 (common pleas court lacked subject-matter jurisdiction when municipal court wrongly initiated transfer based on the monetary value of the claim, not the counterclaim.).

{¶ 15} But a court of general subject-matter jurisdiction still might be deprived of its subject-matter jurisdiction if some statute excludes a class of cases from the court's jurisdiction. *See State ex rel. Sanquily v. Lucas Cty. Court of Common Pleas*, 60 Ohio St.3d 78, 80 (1991) ("Although R.C. 2305.01 gives common pleas courts original jurisdiction in civil matters generally, R.C. 2743.02(F) patently and unambiguously takes it away from them in a specific class of civil cases.") For example, when a civil action that would otherwise fall under the jurisdiction of the common pleas court requires that the remedy be levied against an employee of the State, we have held that the statute establishing exclusive jurisdiction in the Court of Claims strips the common pleas court of jurisdiction. *See Sanquily* at 80. And when a statute "patently and unambiguously divests a court of its basic statutory jurisdiction to proceed in a matter," the specific statute limits the common pleas court's general jurisdiction. *State ex rel. Kaylor v. Bruening*, 1997-Ohio-350, ¶ 16; *see also id.* at ¶ 16, 21, 27. (writ of prohibition appropriate when statute plainly divested a court of jurisdiction to grant postadoption visitation rights to biological parents). In short, when challenging the jurisdiction of courts of general jurisdiction, a relator must normally identify some

statute that limits the subject-matter jurisdiction of the court for a writ of prohibition to issue. *See*, *e.g.*, *State ex rel. Novak, L.L.P. v. Ambrose*, 2019-Ohio-1329, ¶15 (collecting cases).

{¶ 16} Schwarzmer makes it clear that he challenges the common pleas court's jurisdiction over his declaratory-judgment claim only. He insists that the court of common pleas cannot declare void the judgments of the Cleveland Municipal Court that he challenges on behalf of the class. No party disputes that the common pleas court has general jurisdiction to hear civil actions seeking a declaratory judgment. So Schwarzmer must show by clear and convincing evidence that this general jurisdiction is somehow limited here by statute.

{¶ 17} Schwarzmer is correct that a judgment may be voided and vacated by only the court that issued the judgment or by order on appeal. *See Lingo*, 2014-Ohio-1052, at ¶48 ("the authority to vacate the void judgments of another court is exclusively conferred by the Ohio Constitution on courts of direct review"). But the common pleas court's inability to make a specific kind of legal declaration does not strip the common pleas court of its subject-matter jurisdiction to issue declaratory judgments. The Eighth District misread our precedent in *Lingo* when it found otherwise. In *Lingo*, we held that the common pleas court did not patently and unambiguously lack jurisdiction over the case, so it was appropriate for that court to initially consider whether it could grant the requested relief. *Lingo* at ¶41. The common pleas court in *Lingo* erred rather in "proceeding to decide it on its *merits*." (Emphasis added.) *Id.* at ¶ 45. Likewise here, a common pleas court's inability to void and vacate a municipal court's judgment speaks not to the general subject-matter jurisdiction of the court, but rather to the specific facts of this claim and the court's ability to grant this requested relief on the merits.

{¶ 18} The common pleas court "'is a court of general jurisdiction, with subject-matter jurisdiction that extends to "all matters at law and in equity that are not denied to it."'" *State ex rel. Peterson v. Miday*, 2024-Ohio-2693, ¶16; quoting

*Kuchta*, 2014-Ohio-4275, at ¶20, quoting *Saxton*, 48 Ohio St. at 558-559. A municipal court, however, is a court of limited jurisdiction. *Peterson* at ¶19. Schwarzmer asserts that the Cleveland Municipal Court has subject-matter jurisdiction over this case, but he has not established why the municipal court's concurrent jurisdiction would limit the subject-matter jurisdiction of the common pleas court. Since municipal courts do not have exclusive jurisdiction over cases (unlike the Court of Claims, *see Sanquily*, 60 Ohio St.3d at 80), the statute granting them jurisdiction does not limit the jurisdiction of the common pleas court. Even if the municipal court has the capacity to grant more fulsome relief, this discretionary consideration does not limit the subject-matter jurisdiction of the court of common pleas.

{¶ 19} We make no comment on the appropriateness of the municipal court's decision to transfer the case or the common pleas court's decision to accept it. For this case, we hold only that Schwarzmer cannot show that the common pleas court lacked subject-matter jurisdiction over the case. For this reason alone, the Eighth District was wrong to issue the writ.

**B. The availability of appeal independently forecloses the writ of prohibition**

{¶ 20} In general, the availability of appeal after final judgment forecloses extraordinary relief, except when there is a patent and unambiguous lack of jurisdiction. *See Yeager*, 2024-Ohio-1921, at ¶8; *State ex rel. Davis v. Janas*, 2020-Ohio-1462, ¶10. As discussed above, the common pleas court has subject-matter jurisdiction to hear the declaratory-judgment aspect of this case. Therefore, Schwarzmer must show that he has no adequate remedy in the ordinary course of law in order to be entitled to a writ of prohibition.

{¶ 21} In his prohibition action in the Eighth District, Schwarzmer asserted—in his briefs opposing Judge Burnside's motion to dismiss and Midland's motion for judgment on the pleadings—that he will "never have an opportunity" to pursue a direct appeal. He argued that he would be unable to appeal (1) an order

transferring the case since it is not a final order subject to appeal, (2) a denial of declaratory judgment by the common pleas court because such an order would be "proper" since the common pleas court cannot exercise jurisdiction to grant his requested relief, and (3) the municipal court's refusal to hear the case since it would never issue a final, appealable judgment. Though this explanation may predict a short case in the common pleas court, it does not follow that Schwarzmer will "never have an opportunity" to pursue a direct appeal. A motion to transfer is not a final order subject to *immediate* appeal, but the propriety of a court's retaining a case after transfer may be challenged for an abuse of discretion on appeal *after a final judgment*. *See* Civ.R. 3(H); *State ex rel. Dannaher v. Crawford*, 1997-Ohio-72, ¶20. If Schwarzmer loses in the common pleas court, as he has predicted he will, he may then appeal the judgment and challenge the propriety of the court's discretionary decision to transfer the case. Since that appeal will be available, he has an adequate remedy in the ordinary course of law. Therefore, a writ of prohibition is not appropriate, and the Eighth District was wrong to issue one.

### C. Mandamus is equally unavailable

{¶ 22} The Eighth District issued a writ of mandamus after explaining its reasons for issuing a writ of prohibition. 2024-Ohio-1050 at ¶20-21 (8th Dist.). *See State Farm*, 2021-Ohio-1205, at ¶12 (granting writ of mandamus returning case to the municipal court once writ of prohibition was issued prohibiting judge from exercising jurisdiction over case). But as with relief in prohibition, the availability of an adequate remedy in the ordinary course of law forecloses mandamus relief, absent a patent and ambiguous lack of jurisdiction. Because we have established above that the common-pleas-court judge did not lack subject-matter jurisdiction, we therefore reverse the judgment of the Eighth District and deny the writ of mandamus.

### III.  CONCLUSION

{¶ 23} Schwarzmer has not shown that the common-pleas-court judge has exceeded the bounds of the subject-matter jurisdiction of that court.  He also has an adequate remedy in the ordinary course of law.  Therefore, we reverse the Eighth District Court of Appeals' judgment and deny the writs of prohibition and mandamus.

Judgment reversed.

_____

Frederick & Berler, L.L.C., Ronald I. Frederick, and Michael L. Berler, for appellee.

Dinsmore & Shohl, L.L.P., and H. Toby Schisler, for appellants.

_____